IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| REV. LLOYD KENNEDY,<br><br>    Plaintiff,<br><br>vs.<br><br>OFFICER ELLIE MARTIN, OFFICER HUNTER, MIGUEL BAZALAR, MRS. BAZALAR,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM<br><br><br>Case No. 2:08-CV-436 TS |

Plaintiff brings his Complaint under 42 U.S.C. § 1983 for violation of his civil rights. He is proceeding pro se and in forma pauperis. Pursuant to 28 U.S.C. § 1915(e)(2), when a plaintiff is proceeding in forma pauperis "the court shall dismiss the case at any if the court determines that— the action . . . fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."[1]

---

[1] 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

1

The Tenth Circuit Court of Appeals explained the standard to be used to review in forma pauperis complaints in *Kay v. Bemis*:[2]

> "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[3]
>
> We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. . . . In the Rule 12(b)(6) context, "[w]e look for plausibility in th[e] complaint." In particular, we "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Rather than adjudging whether a claim is "improbable," "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level."[4]

The Court turns first to Plaintiff's Motion to Appoint an Attorney. The Court has discretion under § 1915(e)[5] to request that counsel represent an indigent party in a civil case. "There is no constitutional right to appointed counsel in a civil case."[6] The applicant has the burden of convincing the Court of circumstances warranting such a request for

---

[2] 500 F.3d 1214 (10th Cir. 2007).

[3] *Id*. at 1217-18 (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) and *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)).

[4] *Id*. (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 and n.2 (10th Cir. 2007) and *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).

[5] 28 U.S.C. § 1915(e)(1).

[6] *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989).

counsel.[7] The Tenth Circuit has stated that the factors to be carefully considered on the issue of requesting representation in a civil case include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[8]

Having considered these factors, the Court finds the nature of the factual issues raised in the claim are not difficult. Plaintiff has stated the facts and the background. The facts are not complex. Plaintiff's claim is that the Defendants testified falsely against him in criminal proceedings. This claim does not raise complex legal issues. Thus, it appears Plaintiff is able to present his claims. The Court discusses the merits of the claim below. Because Plaintiff is able to present his claims, the Court finds that he has not shown that counsel should be appointed for him.

The Court next reviews the Complaint under §1915(e)(2)(B). Construing the Complaint liberally, the Court finds it does not allege a cause of action upon which relief can be granted. Assuming all of Plaintiff's factual allegations to be true, he alleges Defendants testified falsely against him in criminal proceedings. However, "all witnesses enjoy absolute immunity from civil liability under § 1983 for their testimony in a prior trial."[9] This immunity for witnesses includes police officers.[10] This witness immunity also extends

---

[7] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

[8] *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir.1991)).

[9] *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994) (citing *Briscoe v. LaHue*, 460 U.S. 325 (1983)).

[10] *Brisco*, 460 U.S. at 341-42.

to an alleged conspiracy to give false testimony.[11] Accordingly, a §1983 action based on an alleged perjury by a witness in a court proceeding fails to state a claim on which relief can be granted.[12]

A *pro se* plaintiff "whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint."[13] While "*pro se* litigants are to be given reasonable opportunity to remedy the defects in their pleadings,"[14] the Court should dismiss the claim where it is obvious that he cannot prevail on the facts he has alleged, and "it would be futile to give him an opportunity to amend."[15]

Because witnesses enjoy absolute immunity from suit, the Court finds Plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. It is therefore

ORDERED that Plaintiff's Motion for Appointment of Counsel (Docket No. 5) is DENIED. It is further

---

[11] *Miller v. Glanz*, 948 F.2d 1562, 1570 (10th Cir. 1991).

[12] *Id.; accord Vasquez Arroyo v. Sebes*, 2008 WL 4492618, 1 (10th Cir. October 8, 2008) (unpublished case affirming dismissal of §1983 claim because alleging perjury by defendant-witnesses during criminal trial did not state claim against witness-defendants on which relief could be granted).

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[14] *Id.* at 1110 n. 3.

[15] *Perkins v. Kan. Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

ORDERED that Plaintiff's Motion for Official Service of Process (Docket No. 6) is DENIED AS MOOT.  It is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Complaint is DISMISSED for the failure to state a claim.  The clerk of court is directed to close this case.

DATED   December 4, 2008.

                              BY THE COURT:

                              _____
                              TED STEWART
                              United States District Judge